U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

DAVID A. GEYER,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN
CRUISE LNE,

    Defendant

_____/

## COMPLAINT FOR DAMAGES AND DEMAND

Plaintiff, **DAVID A. GEYER**, by and through undersigned counsel, hereby sues the Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) and 28 USC § 1332 (a)(1).

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **DAVID A. GEYER**, was and is a resident of and is domiciled in the State of New Jersey, now living in Bayonne, New Jersey, and at all times material was a passenger on board defendant's vessel, the "**GETAWAY**."

5. Upon information and belief, at all times material, Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE**, personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   C. Operated vessels and provided vessels for cruises in the waters of this state;

   D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

   E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about July 14, 2014[1], Defendant owned and operated a passenger cruise ship known as the "**GETAWAY**."

8. At such time and place, Plaintiff, **DAVID A. GEYER**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

---

[1] The Statute of Limitations has been extended by agreement between the parties until 11/30/2015.

9. On July 14, 2014, while on board the **GETAWAY**, which was operating in navigable waters, the Plaintiff, **DAVID A. GEYER**, was seriously injured in a swimming pool while holding his daughter, when an unsupervised child collided with Mr. Geyer, causing Mr. Geyer and his toddler to fall. As a result of the accident Mr. Geyer severely injured his left shoulder.

10. At all times material hereto Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

A. Failing to exercise reasonable care for the safety of its passengers and in creating a dangerous condition on the deck surface of the NCL Getaway;

B. Failing to provide adequate supervision on the subject ship and specifically in supervision to young children using the pool area;

C. Failing to adopt and/or implement proper protocols, procedures, and policies for providing lifeguard and/or other the pool area during, without adult supervision;

D. Failing to follow its own written safety, procedures, rules and policies designed to protect its passengers, by allowing unsupervised children to use the subject pool;

E. Failing to employ, retain, or train competent and qualified crew on the vessel, trained to supervised the pool used by young children and to enforce its own Rules regarding "horseplay" in pool;

F. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class in the subject and other pools, wherein involving unsupervised children causing injury to passengers;

G. Failing to train crew members in the assessment, inspection, and discovery of unsupervised children under twelve years of age on the pool area of the subject ship and other ships in the same class as the Getaway;

H. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

13. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **DAVID A. GEYER**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **DAVID A. GEYER**, demands judgment, interest and costs against Defendant, **NCL (BAHAMAS) LTD., a Bermuda Company d/b/a NORWEGIAN CRUISE LINE**, and any such other relief to which the Plaintiff may be justly entitled.

Dated: November 30, 2015.

                                    LAW OFFICE OF GLENN J. HOLZBERG
                                    Offices at Pinecrest II, Suite 220
                                    7685 S.W. 104th Street
                                    Miami, Florida 33156
                                    Telephone: (305) 668-6410
                                    Facsimile:  (305) 667-6161

                                    BY:    */s/ Glenn J. Holzberg*_____
                                              GLENN J. HOLZBERG
                                            Fla. Bar # 369551